Your honors, this case is about ambiguity. It's about the ambiguity caused by the lower court's error in using prohibited documents, unreliable documents, in establishing two facts. The first, that appellant was convicted as an adult, as opposed to it having been a juvenile adjudication. And secondly, that appellant was convicted of a violation of California Penal Code 288, Subpart A. And the source of both of these errors is these unreliable, prohibited documents. And they were compounded by the lower court, their erroneous analysis of California State. Your big authority for this is Navidad. Marcos, Your Honor. Marcos, thank you. And that is the case, I mean, this is for impugning the excerpt. And if you read Navidad, Marcos, what it says is, in conducting a Taylor Stage 2 analysis, the excerpt is unreliable, is unsuitable because the boxes are very small, description of the crime. It doesn't allow a lot of room for fine details. And by its nature, a Taylor Stage 2 analysis requires us to look at, essentially, as an as-applied situation. You have to know exactly what it is, what portion of an overboard statute the defendant pleaded to or was convicted of. Yes, Your Honor. It does not say that simply for determining what the crime of conviction is, that an excerpt of record is unacceptable. You can read that into it, or you can say it might extend that far. But as a matter of fact, it does not deal with that situation, and that the rationality of this doesn't really apply to this case at all. All we're really concerned with is the number, the penal code number. So I don't, you know, I'm not convinced it helps you. Well, Your Honor, my reading of Navidad, Marcos, I don't see it as limited in that way. In fact, the inquiry of whether it's Step 1 or Step 2 of Taylor, Your Honor, is the same inquiry. There's a difference between the two steps, but essentially the inquiry is the same. What was defendant convicted of? And it is this threshold matter that the lower court erred when it relaxed the standard of allowing the government to establish the fact of conviction, to holding the government to a relaxed standard, and yet it would not make sense to hold the government to a more rigorous standard in the second step of Taylor, given that the language is that it must meet a rigorous standard. And I think the language of Navidad, Marcos, is clear. The judgment abstract is not the judgment of conviction, and I don't think it's limited to only the second step of Taylor, Your Honor. How in the world could this be a juvenile matter when it's commenced by information in the Muny court? Juvenile matters are not commenced by information in Muny court. How could it possibly be a juvenile case? They're commenced by petition in the juvenile court. Your Honor, Judge Fernandez, this is where the lower court's error fell. Would you like to answer that question? How does this turn out to be a juvenile matter when it's commenced by information in the municipal court? How can it possibly be a juvenile adjudication? Well, Your Honor, an information is the beginning of a criminal matter. How it is resolved later on to a lesser included... No, I'm sorry. That's wrong. That is the beginning of a criminal matter. It's true. But juvenile court proceedings are started with petitions in the juvenile court, not by information in Muny court, nor are they completed by an abstract of judgment in the Muny court. They are not findings of guilt. So how in the world could this possibly be a juvenile case? Well, Judge Fernandez, the language of the discharge report, which is one of the documents that the government submitted, cites to appellant as a ward, cites to appellant as a petitioner. Precisely the language... I'm asking you how it can be a juvenile matter if it's in the municipal court. Your Honor, I don't know, but the government doesn't know, and neither does the lower court given the absence of... Well, all you have to do is look at the California law, and you will see that juvenile cases are in juvenile court, a branch of the superior court, and are started there by means of a petition under 602, not by an information charging a crime. So how could this possibly be a juvenile case? Well, Your Honor, I don't see that the language of... Could you have a case brought as an adult matter and then settled or compromised or pre-bargained down to a juvie charge? Well, Your Honor, I think if... I don't know. Judge Fernandez was a judge in the California courts. I never was. In the juvenile court, to be exact. Your Honor, if we delve into those facts, I think what we're doing is engaging in the many trials that Taylor wants to avoid. I think what we need is approved documentation. Well, I actually asked you a question. If you don't know the answer, which is perfectly fine because I don't know the answer either, you probably don't practice in much of the state court either. I don't. So maybe you don't know the answer. I was just asking a question. If you don't know, you don't know. And what I was asking is, is it possible to start a case, as far as you know, if you don't know. I don't know, Your Honor. Start as an adult case and then the prosecutor and the defense lawyer get together and reach a compromise to have it treated as a juvenile matter. You don't know whether that's possible or not possible. I do not know, Your Honor. Did the defendant engage in the sexual abuse of a minor? Well, Your Honor, we don't know that because we don't have the documentation that allows us to reach that conclusion. There's no evidence whatsoever in the record that indicates that. Is that your position? Well, there is no such evidence. I'd like to analyze it. I don't see any, Your Honor. Not given. There is evidence. What your claim, what your argument is that the evidence is not sufficient under our case law, but there is evidence. There is evidence, but not approved evidence, Your Honor. What was submitted by the government was a If there's any evidence in the record. You tell me there's none. I don't see any that meets the standard under Franklin Navidad Marcos, reaffirmed by Shepard. Evidence, and you just disagree with it, right? And the trial court made a finding, right? I do disagree with it, yes, Your Honor. And the trial court made a finding. Yes, Your Honor. And that's what you're appealing. Yes. You're appealing the determination of the district court that the evidence submitted was sufficient. And that I disagree with, Your Honor, yes. Yes. The documents the government submitted, if I may, were a judgment abstract, which is of no value under Navidad Marcos, a discharge report from the South Coast Parole Board not proper under footnote 5 of Franklin, an information which is proper only when it's paired with another document per footnote 5 of Franklin, and a computer-generated history of the case, which is not signed by anyone and not proper under footnote 5 of Franklin either. In essence, the documentation equals zero plus zero plus zero, and the lower court ruled that it is of value. However, the sum total is zero. It is of no value. I don't remember if one of you have gotten way below three. Your Honor, the second legal error was in establishing the fact of conviction. There is a threshold matter that must be established by the government, and it fails in that matter to establish the fact of conviction that defendant was convicted of 288 subpart A before it can embark on the Taylor analysis, and it fails in doing so. The abstract of judgment says so, right? Yes, it says that. And he is convicted under 288A, and the abstract says. And, Your Honor, under Navidad-Marcos, we cannot accept that. That is not an approved document for this Court. It was admitted by the trial court, wasn't it? Yes, it was, Your Honor. Did you take exception? Yes, I did. I do now, Your Honor. The documentation supports the opposite. Defendant was arrested at 17 years of age, committed to the California Youth Authority, no evidence was submitted that he was transferred to adult prison when he turned 18, and the. Your time is up. Thank you, Your Honor. We'll hear from the government. Counsel, as a matter of admissible evidence and record, would you justify the 16-level enhancement? Yes, Your Honor. If I may, first, I'm Celeste Corlett here on behalf of the United States. Yes, Your Honor, the district court properly relied on those three documents, the information, the abstract of judgment, and the statute itself, to find that the defendant had a prior conviction. The information listed that the defendant was charged with two counts of ludicrous act on a child under the age of 14. But he could have been charged for anything and been convicted for something less, or he could have been convicted of juvenile. That's correct. And, in fact, he was 17. He was convicted to the youth authority, not to prison. There was nothing in the order that said that he would be transferred to prison once he turned 18. In fact, he wasn't. And you're quite wrong in your brief as to the date of conviction. Did you note that? Yes, Your Honor. I didn't notice you sending in anything, confessed to error, and you didn't start off your argument this morning by confessing error in your brief. I apologize, Your Honor. That is incorrect. I mean, it's a pretty significant error. It's material, and I would think that before standing up and saying anything else to us, you would point out that your brief made a big mistake factually. I apologize, Your Honor. That is correct. However, what this turns on is whether or not it was an adult conviction, and that the court did have an adult conviction. Well, that's the whole thing. If it's not an adult conviction, then you don't get a 16-level enhancement. So it's pretty material. And I'm really surprised that once an error like this has been pointed out to counsel by the reply brief that you haven't filed a substitute brief, you haven't sent a 28-J letter, and the first words out of your mouth this morning were not, gee, I'm really sorry, I made a big mistake, and I retract it. I don't think that's becoming of a officer of the court, particularly not one representing the United States. I apologize, Your Honor. This will not happen again, will it? No, Your Honor. And I didn't intend to mislead the court. Okay, so turn now to page 19 of your brief, and let's correct, redact the brief so that we're all on the same page. What are the correct numbers there, or the dates? I'm sure you've corrected your copy of the brief, yes? No, Your Honor. Actually, I have not. I don't think you took this sufficiently seriously, counsel. Yes, Your Honor, I did. What I understood at the time of the conviction was May 2003. That is wrong, yes? What I was referring to was his juvenile conviction. Is that what you're referring to, Your Honor? I'm referring to the date that you have in your brief that says May 2003. Now, that date is wrong. What is the correct date? The correct date for the juvenile conviction. Let me have a moment. Looks like the hearing was on June 25th of 1997. Counsel, read your sentence. Page 19 of your brief. Correct. The date that says May 2003? Correct. Okay, that refers to a specific date of a specific conviction. Okay, what is the correct? And you've said that that is incorrect. What is the correct date? Well, Your Honor, I thought you were ---- I'm asking you to correct what you said in your brief. It was not 1997. It was May 21, 2004. Well, I'm sorry, Your Honor. I'm completely misunderstanding then. I was thinking that you were asking me when the juvenile conviction. This is your brief? Yes, Your Honor. Okay. Turn to page 19. Yes, Your Honor. Okay, read it out loud. Read that sentence out loud, Counsel. However. That amendment was made effective November 1, 2003, and the defendant was convicted in May 2003. Okay. Now, is everything that you just read correct? Apparently not, Your Honor. Apparently he was convicted for this. There's no apparent about it, Counsel. It was pointed out by the reply brief that that date is wrong. When you walk into court here, certainly before that, but certainly by the time you walk into court, you need to know what the correct date is after having made a misleading and false statement in your brief. Your Honor, again, I apologize. I did not intend it to be misleading. I did not intend ---- Did you see? Look at the brief, the gray brief. Do you have that in front of you? I'm sorry, which brief, Your Honor? The gray brief. Yes. Do you see where it points out your error? No, Your Honor. I don't know what page that is. Well, it ---- look at page 12. Look at the very bottom of the page. Keep reading. Read out loud. Start reading with third. The government simply argues.  Did you read this when you got the brief? I did, Your Honor. Okay. And is this right or is it right what you said in your brief? I believe that the defendant is correct in that statement, Your Honor. So why is it taking up so much time? It took seven minutes for us to get down to the bottom of this. Why isn't this something that once you read it in the brief you felt an obligation to correct? I didn't realize at the time that it was an error, Your Honor. But it says so right here. Opposing counsel says it. It calls you on a fact in your brief which is verifiable in the record. I understand, Your Honor, and I apologize that I did not pay more attention to that and correct it on the record for the court. You don't understand that putting something in your brief that's incorrect, a false fact on the record, is something very close to misconduct, and particularly if you persist in it after it is pointed out to you by opposing counsel? Again, Your Honor, I apologize. I did not do that. Who is your supervisor? Pardon me? Who is your supervisor? My supervisor at this time is Ann Mosier. Okay. Will you have Ms. Mosier and Mr. Carlton advise him of this and tell him that we think this was undercoming? Yes, Your Honor. Okay. And that for you to walk into court and not know the correct date after it's been pointed out to you is particularly undercoming? I apologize, Your Honor. Okay. You will talk to them about this? Yes, Your Honor. Okay. We expect a letter. I will, Your Honor. From them, not from you. Yes, Your Honor. Okay. Now, the correct date, look again at page 19 of your brief, is May 2004. Yes, Your Honor. So your argument on the last page of your brief that the November 1, 2003 amendment to the California statute is inapplicable to section 602, that it's inapplicable to the defendant is simply wrong. That's correct, Your Honor. Okay. So that argument goes out the window. Yes, Your Honor. Okay. So how do you square that with the fact that you have the burden of proof that this was an adult conviction, the district court relied on a statute that you now concede is inapplicable, a statute that said, this is amendment, this is the pre-amendment statute said that somebody who commits this crime on a child under 14 has to be tried as an adult. Yes? Yes. And that statute was not applicable to defendant here, as you now concede. So when the district court said, look, I look at the state law and I can see that the state law required him to be tried as an adult, the district court was simply wrong. Do you understand what I'm talking about? Are we on the same page here? Yes, Your Honor. Do you understand the argument you made on page 19? Yes, Your Honor. Okay. This is the argument the district court accepted. It said, look, I looked at the statute, and the statute, as I read it, the district court, which is in excess of the record, said he had on the state law he was required to be tried as an adult. But the version of the statute that the district court looked at was not applicable to this defendant. Now, you tried to save it by bringing in the wrong date here and saying, oh, yes, it was applicable to him because he was convicted before the effective date of the statute. But you were wrong. You were wrong. So what happens is the statute the district court relies on for saying that under state law he had to be tried as an adult doesn't apply. That's correct, Your Honor. Okay. How do you deal with that? Your Honor. Is the court clearly wrong on that score? My time has run out. May I answer your question, Your Honor? You can answer whatever question I pose to you. Thank you. The ‑‑ since that time, also, Booker has been decided finally ‑‑ I don't care about Booker. You answer my question. Well, Your Honor ‑‑ Nothing under state law has applied to this defendant's conviction at the time he was convicted that required him to be tried or convicted as an adult. Isn't that right? Nothing required. He could be, he might not be. That he could be or he might not be tried as an adult? That's right. Nothing requires him to be tried as an adult. Are we agreed on that? I believe in the California law. I believe. Are we agreed on that? Yes, Your Honor. Okay. So what we have here are documents in the record that even if we accept them all, if we don't accept Fenn's argument, let's say we accept the excerpt and so on, we know that the kid was 17. We know he was committed to the youth authority, not to prison. We know that the documents of release talk about him as a ward and talk about a petition. And there's nothing under state law that requires him to be tried as an adult. How can we say there's clear and convincing proof that he was tried as an adult? The evidence that shows that he was tried as an adult were all the documents that the Court had before him. He wasn't tried at all. I'm sorry. He was convicted. He was convicted. That's correct. How can we say that he was convicted as an adult? Where's the clear and convincing proof that our cases require? And furthermore, we have a district court that looks at the wrong statute, who looks at the version of the statute that doesn't apply to the defendant. Well, the entire width of the evidence of the documents show that it was an adult conviction. How? He was sent to prison? He was, according to the abstract, he was committed to the California Youth Authority. However, as the minutes indicated, that under Section 707.2, that was, it was in the Court's discretion before a defendant was sentenced in an adult conviction that it was within the Court's discretion to examine the defendant and determine if he would be amenable to rehabilitation through the Youth Authority. That didn't change. I'm sorry. What are you relying on? This is the California Welfare and Institutional Code, Section 707.2. And was this considered by the district court? This, Your Honor, was in the minutes of the, that the court considered. I'm sorry. Where is that? Your Honor, in the excerpt of record, this is on page 67. About midway through that page on the excerpt of record, page 67, it indicates that the matter was referred for completion of an amenability study pursuant to Section 707.2 WIC. Okay. What does that mean? Under 707.2, the courts, or rather the defendant is allowed to petition the court, the court of a criminal jurisdiction, adult court, to see if the juvenile may be remanded to the custody of the California Youth Authority after they are sentenced. So they're, I'm sorry, they're remanded for an evaluation to see if rehabilitation would be appropriate for the defendant in the California Youth Authority to serve their adult time in the Youth Authority. And apparently from the minutes, these are certified. The adult time or the juvenile time? Their adult time, Your Honor. The court had the discretion to either commit them to the Bureau of Prisons or to commit them to the California Youth Authority. And from the abstract, we see that the defendant, excuse me, did commit him to the California Youth Authority. But all of the other documents that the court, and all of the other documents that the court has before it, support that this was an adult conviction. As Your Honor, Fernandez had already said, this was charged as an information for a felony. It was not a petition for a juvenile delinquency. Well, whatever the charging document is, can counsel and the D.A. agree to treat this as a juvenile case? That may be, Your Honor, but the... I'm asking a question. That I do not know. Only if you transfer it to the juvenile court. And, Your Honor, the minutes, the certified court minutes, all show everything was in the superior court. There's never a mention of the juvenile court in these minutes. And as a matter of fact, the minutes also have other information that supports that. But the linchpin here is the claim that only a juvenile court can enter a juvenile conviction. Judge Fernandez may know that, but I don't know it. I, you know, there's nothing in this record that convinces me that that's true. But what is it? The minutes... You have to have clear and convincing proof in this record. I mean, the fact that some of us know something about the way that courts of California operate is not good enough. Well, Your Honor... You need to have evidence in the record. First of all, after Booker, it's unclear whether or not the standard is still clear and convincing evidence. However, this evidence does meet that standard. Well, our case law says that where an enhancement has a grossly disproportionate effect, it's clear and convincing evidence. That's true, Your Honor. And it's not clear whether or not those cases were still good law after Booker, or if it's now the preponderance of the evidence. All right. So even if it's a preponderance, I don't care. What is there in the record to tell us that this man could not have been convicted, could not have been convicted as a juvenile? Well, Your Honor, if you take together all of the documents that the court had before, the information that listed the specific offense, California Penal Code 288A, it listed the elements of the offense... Sure, but that could have been tried, it could have been handled as a juvenile matter. You agree with that? Under California laws that apply at the time of conviction? Yes, Your Honor. But then we also have... Okay. So the fact that information could have been treated as an adult doesn't make any difference. But, Your Honor... What is it that persuades us that, in fact, it was treated as an adult matter rather than as a juvenile matter? Your Honor, I think there's two items. First, that we look at both the information and the abstract of judgment together. And the abstract of judgment shows that the defendant was convicted of two counts of violation of California Penal Code Section 288A. That perfectly mirrors what the information was. Well, but how do we know that that was treated as an adult conviction rather than a juvenile conviction? All of the information, all of the language... Counsel, you know, the problem is neither counsel seems to have any understanding of California juvenile law. It's one of the difficulties. And you can keep trying, but you're going to have a very difficult time answering Judge Kaczynski's questions if you don't. California juvenile law, you're petitioned and there's a true finding. You are not convicted to start with. You have a true finding. You become and are made award to the court upon a true finding. It is not a conviction at all. You know, I'm not saying that everybody should know juvenile law, especially in another state. But anyway, that is or has been in the past. It's not what the district court did here. The district court that on whose finding you're lying seemed to have no clue to us to any of this. In fact, it thought he had to be convicted as an adult because it looked at the wrong version of the Welfare Institutions Code. Well, Your Honor, in addition to what Your Honor Fernandez has already mentioned, it also shows in the minutes that the court did rely on, the district court relied on, that he was given the opportunity to, he was told that he had the right to a jury trial. And that's not consistent with the juvenile case. He waived his right. He didn't have a jury trial. Correct. He could be charged as an adult. He could be given the cautions of an adult. And he might plead guilty, you know, when he gives that up by pleading, by accepting a plea bargain, he is, in fact, giving up the right to a jury trial. But if, in fact, the court, state court, has authority to convict him as a juvenile, if Fernandez says, doesn't give, transfer it to juvenile court, but I don't know that to be the case and it's not on the record, then the fact that he gives up the right to be tried as an adult and get a jury doesn't tell us anything at all about how he was, in fact, treated. Anyway, your time is way up. Thank you. You will talk to your supervisors. Yes, Your Honor, and I apologize again. And we will hear from them, yes? Yes, Your Honor. In case you're sorry, you will stand submitted.
judges: Kozinski, Beezer, Fernandez